## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMAU BURBRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| CITY OF EAST CHICAGO and | ) |
| UNKNOWN EAST CHICAGO POLICE | ) |
| OFFICERS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JAMAU BURBRIDGE, by and through counsel, SHILLER*PREYAR LAW OFFICE, and complaining of the defendants, CITY OF EAST CHICAGO and UNKNOWN EAST CHICAGO POLICE OFFICERS, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States.

### JURISDICTION

1.    This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.    The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); and the Constitution of the United States.

1

**PARTIES**

3.  Plaintiff JAMAU BURBRIDGE is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

4.  Defendant UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, duly licensed East Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5.  DEFENDANT CITY OF EAST CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Indiana, and is the employer and principal of Defendant Officers.

**FACTS**

6.  On or around 1 December 2017, Plaintiff JAMAU BURBRIDGE was at a casino when he was arrested by Defendant Officers.

7.  Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff JAMAU BURBRDIGE on or around 1 December 2017.

8.  After taking him from the casino, Defendant Officers used excessive force against Plaintiff JAMAU BURBRDIGE, including making forcible contact with his face and body. The force used against Plaintiff was objectively unreasonable and caused him harm.

2

9. Plaintiff suffered from objectively serious medical conditions required medical attention.

10. Defendant Officers then pulled over on the side of the interstate and forced him out of the car leaving him beat up, stranded, unconscious, and without any coat in 1 degree weather.

11. A car then ran over Plaintiff JAMAU BURBRIDGE.

12. That Plaintiff might be run over by a vehicle was a foreseeable and intended consequence of Defendant Officers' actions.

13. The next morning Plaintiff JAMAU BURBRIDGE was found in a ditch by a passing vehicle and rushed to the emergency room.

14. To this day, he still has not recovered from the injuries caused by Defendant Officers.

15. The acts of Defendant Officers were intentional, willful and wanton.

16. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Excessive Force

17. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

18.   The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

19.   As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – False Arrest

20.   Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

21.   The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

22.   As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – Denial of Medical Care

23. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

24. As described more fully above, Defendant Officers had notice of Plaintiff's objectively serious medical conditions.

25. Despite Defendant Officers' notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

26. As a result of the unjustified and unconstitutional conduct of Defendant Officers, Plaintiff experienced pain, suffering, emotional distress, injury, scarring and disfigurement, and risked life-long impairment.

27. The misconduct of Defendant Officers was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

28. Alternatively, Defendant Officers were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

29. As a direct and proximate result of the unconstitutional conduct of Defendant Officers, Plaintiff was harmed including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 – Fifth Amendment Claim

30. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

31. The actions of Defendant Officers, described more fully above, created a special relationship when they took Plaintiff into custody and, therefore, had a corresponding duty to assume some responsibility for Plaintiff's safety and general well-being.

32. Defendant Officers were aware of Plaintiff's need for medical care and by abandoning him on the interstate placed Plaintiff in a position of danger that he would not have otherwise faced in violation of the Fifth and Fourteenth Amendment.

33. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to

incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Failure to Train, Supervise, or Discipline

34.    Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

35.    The constitutional violations detailed above were caused by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by the City of East Chicago, the Mayor of East Chicago, the East Chicago Board, members of the East Chicago Board, the East Chicago Police Department, and members of the East Chicago Police Department, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully, and wantonly encourage the infliction of physical and psychological injuries onto the citizens of East Chicago.

36.    The customs, policies, and practices that caused the constitutional violations herein include:

     a.    A code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint; whereby officer remain silent or give false and misleading information during official investigations to cover up

7

unconstitutional and criminal misconduct; and whereby officers maintain loyalty to each other over the constitutional rights of citizens;

b. The willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

c. Failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers; and

d. The failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct.

37. The policies, practices, and customs herein complained of are so prevalent and widespread within the East Chicago Police Department as to put the City of East Chicago policymakers on actual and implied notice that such policies exist in full force and effect.

38. East Chicago policymakers acted willfully, wantonly, and with deliberate indifference toward the constitutional rights of Plaintiff by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in this Complaint.

39. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of Plaintiff, East Chicago policymakers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

40. As a proximate result of the above-detailed actions of the Defendants and East Chicago policymakers, Plaintiff was injured, including injuries resulting from the above-detailed constitutional violations, pain, suffering, anguish,

embarrassment, emotional injuries, psychological injuries, physical injuries, and permanent injuries. In addition, the violations proximately caused Plaintiff great humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, purusant to 42 U.S.C. §1983, demands judgment against Defendant CITY OF EAST CHICAGO for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

41.    Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

42.    As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for crimes he did not commit and to thereby deprive him of his Constitutional rights, all as described more fully throughout this Complaint.

43.    In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

44.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

45.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and he suffered damages, severe emotional

9

distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff's and others.

47. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his civil rights. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, purusant to 42 U.S.C. §1983, demand judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII: Indemnification

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

49. Defendant City of East Chicago is the employer of the Defendant Officers.

50. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as an employee of the City of East Chicago.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, demands that, should any Defendant Officer be found liable on one or more of the claims set forth above, pursuant to Ind. Code § 34-13-4-1, the Defendant, CITY OF EAST CHICAGO, be found liable for any judgment Plaintiff obtain, as well as attorney's fees and costs awarded.

## COUNT VIII: Assault

51.    Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

52.    By the actions detailed above, the Defendant Officers intentionally placed Plaintiff in reasonable apprehension of receiving offensive bodily contact.

53.    By the actions detailed above, Plaintiff was harmed.

54.    As a direct and proximate result of the assault, Plaintiff was injured.

55.    Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IX: Battery

56.    Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

57.    By the actions detailed above, the Defendant Officers intentionally made unwanted and offensive bodily contact against Plaintiff and inflicted harm to Plaintiff.

58.    By the actions detailed above, Plaintiff was harmed.

59.    As a direct and proximate result of the assault, Plaintiff was injured.

60.    Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT X: Intentional Infliction of Emotional Distress

61.    Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

62.    The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

63.    Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

64.    Defendant East Chicago is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant East Chicago, and while acting within the scope of their respective employment.

65.    As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous

system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT XI: Negligence

66.   Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

67.   Defendants owed Plaintiff a duty of care.

68.   As described more fully above, Defendants violated that duty with respect to Plaintiff.

69.   As a direct and proximate result of the Defendants' breach, Plaintiff was injured.

70.   Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, JAMAU BURBRIDGE, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully Submitted,

**JAMAU BURBRIDGE**

By:    s/ Brendan Shiller

*One of Plaintiff's Attorneys*

SHILLER*PREYAR LAW OFFICES
601 South California Avenue
Chicago, Illinois 60612

14