# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMAU BURBRIDGE, ) | |
|    Plaintiff, ) | |
| ) | |
|  v. ) | CAUSE NO.: 2:19-CV-454-JVB-JPK |
| ) | |
| CITY OF EAST CHICAGO, *et al.*, ) | |
|    Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's, City of East Chicago, Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 20], filed on March 4, 2020. No response was filed. The City of East Chicago argues that the Indiana Tort Claims Act (ITCA) bars Plaintiff Jamau Burbridge's tort claims against East Chicago and that the indemnification claim brought against East Chicago falls as a matter of law. For the reasons stated below, the Court dismisses without prejudice the indemnification claim and denies relief based on the ITCA argument.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

**ANALYSIS**

East Chicago first argues that Burbridge's tort claims should be dismissed because he did not provide the notice required under ITCA. East Chicago states that "there is no evidence that the Plaintiff ever filed a tor claim notice with the City." (Br. Supp. 4, ECF No. 21). However, under a motion to dismiss for failure to state a claim, the Court tests the sufficiency of the allegations, not the evidence. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("We construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor.").

The failure to comply with the requirements of ITCA is an affirmative defense. *Taleyarkhan v. Purdue Univ.*, 837 F.Supp.2d 965 (N.D. Ind. 2011) (citing *Brown v. Alexander*, 876 N.E.2d 376, 383-84 (Ind. Ct. App. 2007)). Plaintiffs are not required to anticipate affirmative defenses and rebut them in their complaints. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). East Chicago has not identified any part of Burbridge's complaint that pleads a failure to comply with ITCA, and the Court has not identified any such allegations in the complaint. Therefore, the Court cannot conclude from the complaint that Burbridge has not complied with ITCA. The request to dismiss the tort claims against East Chicago for failure to comply with ITCA is denied.

Next, East Chicago argues that the indemnification claim should be dismissed because "decisions about indemnity should be postponed until the underlying liability has been

established." (Br. Supp. 5, ECF No. 21 (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003))). The claims on which Burbridge seeks indemnification by East Chicago are also brought in Burbridge's complaint. Thus, those claims were not resolved as to liability when Burbridge brought the indemnification claim. Therefore, the indemnity claim is not yet ripe. *See Hunter v. Long*, No. 2:15-CV-475, 2019 WL 4695463, at *4-5 (N.D. Ind. Sept. 26, 2019); *Sowell v. Dominguez*, No. 2:09-CV-47, 2011 WL 294758, at *2 (N.D. Ind. Jan. 26, 2011). The Court dismisses the indemnity claim without prejudice as unripe.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Defendant's, City of East Chicago, Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 20] and **DISMISSES without prejudice** the indemnification claim brought in Count VII of the complaint.

SO ORDERED on March 24, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
